UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs                                                       Case No: 07-15342
                                                       Honorable Victoria A. Roberts

FIVE THOUSAND ONE HUNDRED
FORTY FOUR DOLLARS AND FORTY
FIVE CENTS ($5,144.45) IN UNITED
STATES CURRENCY, ET AL,

    Defendants.
_____/

## ORDER

**I.    INTRODUCTION AND PROCEDURAL HISTORY**

On December 14, 2007, the Government filed a Complaint for Forfeiture. Chikaodinaka O. Ahanonu filed a claim and an answer to the Complaint on January 3, 2008.

On January 15, 2008, the Court entered a Stipulation to Stay the Civil Forfeiture Proceeding.

Before the Court is the Government's "Motion to Lift Stay, to Strike the Claim of Chikaodinaka O. Ahanonu Pursuant to the Fugitive Disentitlement Doctrine or, in the Alternative, for the Issuance of a Subpoena to Attend a Deposition." (Doc. #13). The Government asks the Court to lift the stay; find Ahanonu is a fugitive pursuant to 28 U.S.C. §2466; strike Ahanonu's claim; and, allow it to seek entry of a default judgment and final order of forfeiture.

In the alternative, the Government says the Court should compel Ahanonu to

appear at a deposition. If Ahanonu does not appear at the deposition, the Government says he should face sanctions, including the striking of his claim.

## II. BACKGROUND

In December 2007, DEA agents in Atlanta intercepted telephone calls between Raymond Nsoedo (one of Ahanonu's associates) and Ahanonu, in which Ahanonu described living between California and Detroit, and building a house in Nigeria.

On August 23, 2008, Ahanonu purchased a round trip ticket from Detroit to Los Angeles. Ahanonu was scheduled to fly from Detroit to Los Angeles on August 29, 2008, and return on September 7, 2008. On August 29, 2008, Ahanonu flew from Detroit to Los Angeles as scheduled.

On September 3, 2008, Ahanonu, Nsoedo, Lavon Robertson (a Detroit based heroin distributor), and Uchenna Obi (one of Ahanonu's associates) were indicted by DEA Atlanta in the Northern District of Georgia, for conspiracy to possess heroin. Robertson and Nsoedo were arrested. An arrest warrant was issued for Ahanonu.

On September 5, 2008, DEA Atlanta declared Ahanonu and Obi DEA Fugitives.

Obi was arrested on September 6, 2008.

On September 7, 2008, Ahanonu flew from California to Amsterdam. He has not returned to the United States, either to face the pending criminal charge, or to defend the civil forfeiture action.

## III. APPLICABLE LAW AND ANALYSIS

28 U.S.C. §2466 says:

(a) A judicial officer may disallow a person from using the resources of the courts of the United States in furtherance of a claim in any related civil forfeiture action . . . upon a finding that such person –

(1) after notice or knowledge of the fact that a warrant or process has been issued for his apprehension, in order to avoid criminal prosecution –

    (A) purposely leaves the jurisdiction of the United States;

    (B) declines to enter or reenter the United States to submit to its jurisdiction; or

    (C) otherwise evades the jurisdiction of the court in which a criminal case is pending against the person; and

(2) is not confined or held in custody in any other jurisdiction for commission of criminal conduct in that jurisdiction.

The Sixth Circuit identified five prerequisites to disentitlement under §2466:

(1) a warrant must have been issued in a criminal case for Ahanonu's apprehension;

(2) Ahanonu must have had notice or knowledge of the warrant;

(3) the criminal case must be related to the forfeiture action;

(4) Ahanonu must not be confined or otherwise held in custody in another jurisdiction; and

(5) Ahanonu must have deliberately avoided prosecution by:

    (A) purposefully leaving the United States,

    (B) declining to enter or reenter the United States, or

    (C) otherwise evading the jurisdiction of a court in the United States in which a criminal case is pending against Ahanonu.

*See United States v. Salti*, 579 F.3d 656, 663 (6th Cir. 2009).

Only the second and fifth elements are disputed.

On March 3, 2010, the Court held that the fifth element is met. With regard to the second element, the Court held the Government's motion in abeyance, and gave the Government 30 days to present additional evidence in support of its argument that Ahanonu had reason to know a warrant was issued for his arrest (e.g., phone records

showing Obi, Nsoedo, and/or Robertson contacted Ahanonu after the indictment issued, or after they were arrested).

On April 1, 2010, the Government submitted a "Declaration in Support of Fugitive Disentitlement by DEA Special Agent, Michael Galu." (Doc. #22). Ahanonu filed a Response on April 6, 2010. The Government Replied on April 7, 2010.

The Court reviewed the Declaration, and finds the Government met its burden to show that Ahanonu had reason to know that a warrant was issued for his arrest. *See* paragraphs 31-34.

### IV.   CONCLUSION

The Government's motion is **GRANTED**. The Court **LIFTS THE STAY** of proceedings entered on January 15, 2008, and **STRIKES** the claim Ahanonu filed on January 3, 2008.

The Government may seek the entry of a Default Judgment and Final Order of Forfeiture.

                                              s/Victoria A. Roberts
                                              Victoria A. Roberts
                                              United States District Judge

Dated: April 9, 2010

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on April 9, 2010.
>
> s/Linda Vertriest
> Deputy Clerk